**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

LUZ MARQUEZ,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

**COMPLAINT**

Comes now LUZ MARQUEZ ("Plaintiff"), on behalf of herself hereby sues COSTCO WHOLESALE CORPORATION, and alleges as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 42 U. S. C. § 2000e-5(f), 42 U. S. C. § 2000e-6, 28 U. S. C. §§ 1331, 1345. This action is authorized and instituted pursuant to Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq., and which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA").

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C.§ 12181, et seq., pursuant to 28 U.S.C. §§ 1331, 1367 and 1343.

3. Plaintiff LUZ MARQUEZ is an individual *sui juris* residing in Miami-Dade County, Florida.

4. Plaintiff LUZ MARQUEZ is over the age of 40 and has a qualified disability.

5. Defendant COSTCO WHOLESALE CORPORATION is a Foreign Profit

Corporation with its principal place of business in Issaquah, Washington.

6. Defendant has continuously been doing business in the state of Florida and in locations throughout the United States, including the Defendant's Miami location.

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

8. Venue is proper pursuant to 28 U. S. C. § 1391.

## ADMINISTRATIVE PROCEDURES

9. More than thirty (30) days prior to the institution of this lawsuit, LUZ MARQUEZ filed a charge with the Commission alleging that Defendant discriminated against her in violation of the ADA.

10. By letter dated March 25, 2019, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA and ADEA and invited Defendant to participate in informal methods of conciliation.

11. The Commission was unable to secure a conciliation agreement that was acceptable and by letter dated September 4, 2019, it determined that it would make no further efforts to conciliate the case as further conciliation efforts would be futile or non-productive.

12. By letter dated September 4, 2019, the Commission issued its Notice of Right to Sue.

## STATEMENT OF CLAIMS

13. Title I of the Americans with Disabilities Act of 1990 prohibits private employers with 15 or more employees, State and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment.

14. Ms. Marquez began working for Costco on November 16, 1992.

15. By February 2015, Ms. Marquez was employed as a payroll clerk at the Miami Costco location.

16. At all times material, Ms. Marquez was a disabled individual with Neuro Stenosis Cervical, a spinal disorder, a qualified disability under the ADA and the Florida Disability Act.

17. During the course of her employment, her Administration Manager and supervisor, Raul De La Milera gave Ms. Marquez his sign-on information so that she could assist him with time card exceptions.

18. On March 11, 2015, Ms. Marquez adjusted her time with her Administration Manager's permission. The time entry caught the Defendant's general manager's attention because Mr. De La Milera was not scheduled to work on March 11, 2015.

19. Shortly thereafter, the general manager of the Defendant's Miami location questioned Ms. Marquez about the entry and she explained that Mr. De La Milera had provided her with his log-in information for the time keeping system to assist him in making time entry alterations.

20. Ms. Marquez would often occasionally perform her employment duties off site, by for example, going to the post office for her employer. When she partook in those duties, she would request a time adjustment in order to for her time card to be an accurate reflection of her working hours and Mr. De La Milera would allow her to make the adjustment using his log-in credentials in Defendant's system and specifically requested that she conduct the work under his log-in.

21. Despite Ms. Marquez's explanation, Terry Donahue, the general manager, placed Ms. Marquez on a three-day unpaid suspension. Mr. De La Milera, her supervisor who gave her the access in violation of Defendant's policy, was merely counseled as a result of his own

3

infractions.

22. Upon return from her suspension, Ms. Marquez was demoted from Payroll Clerk to Front End Assistant.

23. Demotions within Defendant's organization are rare and Ms. Marquez is one of the few employees to receive such a drastic disciplinary action.

24. Other younger employees of Defendants have received counseling and warnings for past infractions, whereas Defendant immediately suspended and then demoted Ms. Marquez.

25. Ms. Marquez admits that she violated company policy, but did so only at the behest and under the direction of her supervisor Mr. De La Milera, who voluntarily gave her his log-in credentials.

26. Ms. Marquez did not know it was a violation of the Defendant's policy to make those changes and once asked, she did not conceal her conduct.

27. On April 6, 2015, Ms. Marquez took an approved leave of absence due to temporary restrictions regarding her duties.

28. As a result of her new duties as a Front End Assistant, Ms. Marquez's employment duties included more physically demanding tasks.

29. While Ms. Marquez's duties as a Payroll Clerk involved continuous sitting and only occasionally[1] required her to list or carry 11-20 pounds of weight, her duties as a front end assistant required her to frequently carry those weights. And even occasionally required that Ms. Marquez "occasionally" lift or carry 75 to 100 pounds in weight.

30. Thereafter, Ms. Marquez was intermittently placed on leave from her employment

---

[1] The terms "occasionally," "frequently" and "continuously," are used in the same form as in Defendant's job analysis forms for these positions. Where Continuously means for over 5 hours; frequently means 2.5 to 5 hours; and occasionally means under 2.5 hours.

as a result of her duties and the recommendations of medical professionals.

31. From April 2015 to December 16, 2015 Ms. Marquez requested a reasonable accommodation regarding the lifting, bending and turning requirements her new position required of her.

32. Despite Ms. Marquez's multiple request and appropriate medical documentation, each time she requested a reasonable accommodation she was informed that none could be offered to her and instead placed on unpaid medical leave[2].

33. Defendant and its employees refused to reasonably accommodate Ms. Marquez's reasonable request for an accommodation.

34. The conduct Defendant and its agents engaged in and unlawfully discriminated against Ms. Marquez on the basis of her disability.

35. Ms. Marquez did not seek out the position of Front End Assistant, but instead was placed in that position through the decision of management and when her disability prevented her from doing those duties, Defendant and its agents refused her any accommodations and instead placed her on unpaid medical leave.

36. Ms. Marquez was unfairly disciplined and constructively terminated from her position on the basis of her disability and age.

37. All conditions precedent to bringing this action have been met or waived.

## COUNT I
## DISCRIMINATION BASED VIOLATION OF THE AMERICANS WITH DISABILITY ACT

38. Plaintiff re-alleges and re-affirms the allegations in paragraphs 1-37 above as if fully set forth herein.

---

[2] Although Ms. Marquez had short- and long-term disability coverage, there was a shortfall of approximately 40% that was borne by Ms. Marquez.

39. At all relevant times, Plaintiff LUZ MARQUEZ is and was a person with a disability covered by the Americans with Disabilities Act.

40. Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendant, to provide reasonable accommodations to otherwise qualified employees with disabilities.

41. Defendant COSTCO WHOLESALE CORPORATION is an employer within the meaning of 42 U.S.C. § 2000(e)(a) and a covered entity pursuant to 42 U.S.C. § 12111.

42. Defendant COSTCO WHOLESALE CORPORATION has 15 or more employees.

43. Reasonable accommodations include, but are not limited to, reassignment to a vacant position within the employer's organization when an employee with a disability can no longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

44. Ms. Marquez is an otherwise qualified individual who in April 2015 could not perform the essential functions of her position as a Front End Assistant.

45. Defendant failed to provide Ms. Marquez a reasonable accommodation, including but not limited to a reassignment to a vacant position within the Defendant's organization where such an accommodation was available. 42 U.S.C. §§ 12112(a) and (b); 29 C.R.F. § 1630.9.

46. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630.

47. Plaintiff filed a complaint with the EEOC regarding the Defendant's discriminatory conduct and was issued a right to sue letter.

48. As a result of Defendant's discriminatory conduct, Ms. Marquez suffered and

continues to suffer damages.

WHEREFORE, Plaintiff respectfully requests this Court:

a. Enter judgment in favor of LUZ MARQUEZ and declare that Defendant has violated Title I of the ADA, 42 U.S.C. § 12111 et seq., and its accompanying regulation;

b. Require Defendant to modify its policies, practices, and procedures so as to bring its employment practices into compliance with Title I of the ADA and its accompanying regulation;

c. Order Defendant to train its supervisors and human resource staff regarding the requirements of the ADA;

d. Enjoin Defendant from failing or refusing to take other appropriate measures to overcome the effects of its discriminatory policies and practices;

e. Award Plaintiff LUZ MARQUEZ:

　i. Back pay with interest;

　ii. Front pay;

　iii. Reasonable attorney's fees and costs; and

　iv. compensatory damages, including damages for pain and suffering, for injuries suffered as a result of Defendant's failure to comply with the requirements of Title I of the ADA pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

　v. Order such other appropriate relief as the interests of justice require.

## COUNT II
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

49. Plaintiff re-asserts and re-alleges the allegations contained paraphs 1-37 as if fully set forth herein.

50. The Age Discrimination in Employment Act protects applicants and employees 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment.

51. The Age Discrimination in Employment Act and its implementing regulations prohibit employers from to (1) failing or refusing to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; and (2) limiting, segregating, or classifying his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. 29 U.S.C. §623(a).

52. Defendant has continuously been doing business in the state of Florida and in locations throughout the United States, and has continuously had at least 20 employees.

53. Defendant is an employer within the meaning of 29 U.S.C. §630.

54. Defendant discriminated against Plaintiff LUZ MARQUEZ in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)

55. Defendant intentionally reclassified Ms. Marquez to a position she would be unable to perform.

56. Defendant and its agents took action against Ms. Marquez which discriminated against her because of her age and demoted her as a result.

57. Ms. Marquez's age was a determinative factor in Defendant's decision to take an adverse employment action against her.

58.     Defendant intentionally discriminated against Ms. Marquez on the basis of her age.

59.     But for Ms. Marquez's advanced age, Defendant and its agents would not have demoted Ms. Marquez and engaged in adverse employment actions against her.

WHEREFORE, Plaintiff respectfully requests this Court award LUZ MARQUEZ:

a.  The amount of her unpaid wages;

b.  Any overtime compensation

c.  Liquated damages;

d.  Past, present and future lost wages;

e.  Reasonable attorney's fees and costs; and

f.  Order such other appropriate relief as the interests of justice require.

### JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all facts and issues raised in her Complaint.

Dated: December 3, 2019

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
aquezada@lawgmp.com

By: ___/s/ Anthony J. Perez_____
ANTHONY J. PEREZ
Florida Bar No.: 535451